To the Honorable Speaker and Members of The House of Representatives
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We acknowledge receipt of your request for an advisory opinion upon the constitutionality of House Bill No. 695, which follows:
“SYNOPSIS: This act further amends Section 11-6-2, Code of Alabama 1975, so as to add Choctaw County to the list of counties not required to have a qualified land surveyor as county engineer.
“A BILL TO BE ENTITLED AN ACT
“To further amend Section 11-6-2 of the Code of Alabama 1975 as last amended so as to add Choctaw County to the list of counties exempt from the requirement that the county engineer be a qualified land surveyor.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. Section 11-6-2, Code of Alabama 1975, as last amended, is hereby further amended to read as follows:
“ ‘§ 11-6-2. The person appointed as county engineer, or chief engineer of the division of public roads within the meaning of this article shall be a registered professional engineer and land surveyor in the state of Alabama in good standing and in addition he shall have had not less than three years experience in the maintenance and construction of highways and bridges; except, that in all counties having populations of not less than 300,-000 nor more than 600,000 inhabitants according to the most recent or any subsequent federal decennial census and in Cleburne, Crenshaw, Chilton, Fayette, Winston, Lamar, Cullman, Perry, Bullock, Choctaw, Macon, Montgomery, Clay, Walker and Coffee counties, the county engineer need not be qualified as a land surveyor in order for the state highway department to participate in the payment of a portion of said county engineer’s salary as provided in section 11-6-4; provided, however, that the exemption for Montgomery county shall expire on May 1, 1979.’
“Section 2. This Act shall become effective immediately upon its passage and *149 approval by the Governor, or upon its otherwise becoming a law.”
You have certified the following three constitutional questions for our consideration:
1. Should House Bill No. 695 be published as a proposed local law pursuant to Section 106 of the Constitution?
2. Would House Bill No. 695, if enacted, without publication in the affected county, .violate that portion of Section 105 of the Constitution which prohibits the legislature from indirectly enacting any special, private or local law by the partial repeal of a general law?
3. Even if published in the affected county in accordance with Section 106 of the Constitution, would House Bill No. 695, if enacted, still violate Section 105 of the Constitution?
In view of our finding that the Bill offends Section 105 of the Constitution, we pretermit separate consideration of questions No. 1 and No. 2.
The Bill, proposing to add Choctaw County to the list of counties not required to have a qualified land surveyor as county engineer, is a local act within the meaning of that term as defined by Section 110 of our Constitution. Opinion of the Justices, 284 Ala. 626, 227 So.2d 396 (1969). As such, the issue reduces itself to whether the subject is already provided for by a general law and the enactment of the Bill will violate Section 105, which states:
“No special, private, or local law, . shall be enacted in any case which is provided for by a general law, . . .”
As originally enacted, § 11-6-2, Code of Alabama 1975, established the qualifications of County Engineer or Chief Engineer of the Division of Public Roads as follows:
“QUALIFICATIONS. The person appointed as County Engineer, or Chief Engineer of the Division of Public Roads within the meaning of this Act shall be a registered professional engineer and land surveyor in the State of Alabama in good standing and in addition he shall have had not less than three years experience in the maintenance and construction of highways and bridges.” Acts 1971, No. 1945, p. 3143, § 3.
The qualifications apply state-wide in every county and constitute a general law as defined by Section 110 of our Constitution. Notwithstanding subsequent amendments in 1976 and 1977 (Acts 1976, No. 338, p. 368; Acts 1977, No. 403, No. 470, No. 797), and prior to our decision in Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala., 1978), excepting some counties from the original qualifications, the law remains a general law.
Therefore, the Bill, if enacted, would operate on a subject already subsumed by a general law and violate Section 105. Publication in accordance with the provisions of Section 106 of the Constitution cannot save the Bill.
Respectfully submitted,
JAMES N. BLOODWORTH
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
T. ERIC EMBRY
SAM A. BEATTY
Associate Justices
I respectfully disagree with the advisory opinion issued by this court upon the constitutionality of House Bill 695. This bill proposes to amend section 11-6-2, Code of Alabama 1975 (as amended), by adding one county (Choctaw) to the list of counties specifically excepted from the coverage of that statute. The majority of the justices have found that this bill, if enacted, would violate section 105 of the Alabama Constitution of 1901. However, their finding is sustainable only if section 11-6-2 is determined to be a general act.
*150 As originally passed, and as codified in the Code of Alabama 1975, section 11-6-2 established uniform qualifications for county engineers which applied to each and every county in this state. See Act No. 1945, Regular Session 1971. Subsequently, however, the Legislature felt it necessary to exempt certain enumerated counties and those counties having a population of not less than 300,000 nor more than 600,000 from the requirements of section 11-6-2. See Acts No. 463, 770 and 797, Regular Session 1977; Act No. 338, Regular Session 1976. Thus in effect, the Legislature attempted by these acts to amend a general act by passing a series of four local acts. The validity of these acts under other constitutional provisions, of course, is not before us.
I would limit my opinion to the impact of Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978). In that case this court emphasized that, under section 105 of the Alabama Constitution, local laws may not be passed to fulfill local needs when general legislation has been enacted to respond to those needs. Apparently, therefore, the four local acts which were passed to amend section 11-6-2, originally a general act, would have violated the Peddycoart doctrine. However, the majority in Ped-dycoart stated:
“Henceforth when at its enactment legislation is local in its application it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases.’’
354 So.2d at 814 (emphasis added). In other words, the Peddycoart decision is prospective and therefore not applicable to the four amendatory acts at issue here.
Thus, the question is whether section 11-6-2 as amended is a local or general act. Section 110 of the Alabama Constitution states that “a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole.” Section 11-6-2, as amended, excepts certain enumerated counties from its coverage; it is a local net. House Bill 695 proposes to further except Choctaw County from the coverage of section 11-6 — 2; it also is a local act. Since section 105 of the Constitution does not proscribe the amendment of a local act by the passage of a subsequent local act, I believe that the Legislature is not prohibited from passing House Bill 695 so long as it complies with the publication requirements outlined in the Constitution. See section 106, Constitution of Alabama of 1901, as amended by Amendment No. 341.
C. C. TORBERT, JR.,
Chief Justice